**Albert Dale RIGDON, Sr.,**
**Plaintiff–Appellant,**

v.

**UNITED STEEL WORKERS OF AMERICA, LOCAL 9443–00; Alcan Ingot, Sebree Plant; Alcan Aluminum Corporation, Ingot Plant in Sebree, Defendants–Appellees.**

No. 02–5838.

United States Court of Appeals,
Sixth Circuit.

April 1, 2003.

Before DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-nois, sitting by designation.

*ORDER*

Albert Dale Rigdon, Sr., proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a). For the reasons expressed below, this appeal may be disposed of without oral argument, despite United Steel Workers of America's request, because Rigdon's appellate arguments lack merit.

In March 2001, Rigdon filed a complaint in state court against the Union, claiming that the Union did not properly represent him after he was fired from his job with Alcan. The Union removed the case to the district court for the Western District of Kentucky. Thereafter, Rigdon filed an amended complaint naming Alcan as a defendant. He claimed that: 1) Alcan violated the "Labor Agreement" when it fired him; 2) the Union failed to provide suitable representation on his behalf; and 3) the defendants entered into a conspiracy to fabricate the allegations which resulted in his termination. Upon review, the district court granted the defendants' motions for summary judgment. Rigdon has filed a timely appeal, essentially reasserting his claims. He also argues that the district court improperly granted summary judgment prior to the completion of discovery.

Upon review, we conclude that the district court properly granted summary judgment to the defendants. *See EEOC v.*

*Prevo's Family Mkt., Inc.,* 135 F.3d 1089, 1093 (6th Cir.1998). First, Alcan was entitled to summary judgment because its decision to terminate Rigdon's employment was properly supported by evidence that Rigdon violated the terms of his "Labor Agreement" when he lied about fraudulent time keeping entries for days that he did not actually work. Second, the Union was entitled to summary judgment because Rigdon did not establish that Alcan breached the parties' "Labor Agreement," or that the Union breached its duty of fair representation. *See DelCostello v. Teamsters,* 462 U.S. 151, 164–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Dushaw v. Roadway Express, Inc.,* 66 F.3d 129, 133 (6th Cir.1995). Rigdon did not establish that Alcan breached the "Labor Agreement," because there was sufficient evidence to support Alcan's decision to terminate Rigdon's employment. Therefore, the Union was not obligated to pursue the matter to arbitration.

Although Rigdon's conspiracy claim was not specifically addressed by the district court, we conclude that Rigdon's allegations were properly subject to dismissal because they are too conclusory and speculative to state a claim. *See, e.g., Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987). Rigdon has not presented any allegations that would be sufficient to state a claim that the defendants had engaged in a conspiracy to have him terminated based on the errors contained in the time-keeping system.

Finally, the district court did not improperly grant summary judgment prior to the completion of discovery. The record reflects that the parties had ample time to request discovery prior to the court's ruling on the defendants' motions for summary judgment. In addition, Rigdon does not identify the information he would have sought, or how the information would have improved his case.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.